## United States *v.* Hall Bros. Co.

**No. 5352.**—Invoice dated Antwerp, Belgium, July 9, 1938.
Certified July 11, 1938.
Entered at Pittsburgh, Pa., July 20, 1938.
Entry No. 28.

(Decided July 30, 1941)

*Paul P. Rao,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the plaintiff.
*Jerome G. Clifford* (*George W. Israel* of counsel) for the defendant.

BROWN, Judge: This is an appeal to reappraisement by the collector of customs at the port of Pittsburgh, Pa., from the valuation found by the appraiser of said port on an importation of polished diamonds from Antwerp, Belgium. The diamonds had been entered by the importer at the invoice prices as representing the foreign-market value at the time of exportation. The following memorandum appears at the bottom of the invoice:

Buying commission 5% not included (Belgas: 500.65).
Consular Fee Belgas: 15.—Insurance Block Policy.
No Export tax No transmission tax. The tax de transmission of 1 o/oo (70.01) on domestic sales is not included.

On entry the importer added the 1 per centum domestic tax to the invoice values and the appraiser found the values as entered.

The collector claims that there should also be added the 5 per centum so-called buying commission which he contends is a selling commission or seller's profit.

At the trial in Pittsburgh, on December 2, 1940, there was no oral testimony on either side and the only additional evidence produced were three special agent's reports which were received in evidence as plaintiff's exhibits 1, 2, and 3.

The same situation is presented here as in collector's appeal to reappraisement 127227–A, tried immediately hereafter, the sole issue being the dutiability of the so-called commission paid by the importer to his commissionaire in Antwerp for services rendered in connection with the buying and shipping and financing of the importation, the circumstances as to these matters being practically the same as in reappraisement 127227–A and which were discussed at length in the opinion in that case and need not be repeated here.

The three special agent's reports in the case at bar do not alter in any way the situation presented in reappraisement 127227–A.

Brief reference is made to these reports. Exhibit 3 deals with shipments to another importer at a time long anterior to the shipment here with which they seem to have no connection except, perhaps, as an illustration of the practices in the foreign diamond market.

Exhibit 2 is a very interesting history of how the present practices developed, but seems to have no particular bearing here except to show the general custom of diamond buyers in employing commissionaires and the methods prevalent in the foreign diamond markets in Holland and Belgium.

Exhibit 1 simply verifies the entered values here and the fact is not disputed that the importer paid 5 per centum of the value of his purchases to a commissionaire for certain services rendered.

I find that this so-called commission is not a part of the foreign-market value of the diamonds here involved and not dutiable.

Therefore, on the foregoing record I find that the dutiable values of the diamonds here involved are the entered values. Judgment will issue accordingly.